Michael G. Adams
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

April 19, 2022

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON
175 BERKELEY ST
BOSTON, MA 02117

FROM: SUMMONS DIVISION
SECRETARY OF STATE

RE: CASE NO: 22-CI-001192

COURT: Circuit Court Clerk
Jefferson County
700 West Jefferson St.
Louisville, KY 40202
Phone: (502) 595-3055

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

**(1) Your attorney, or**
**(2) The attorney filing this suit whose name should appear on the last page of the complaint, or**
**(3) The court or administrative agency in which the suit is filed at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

EXHIBIT
A

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **22-CI-001192**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff,* **HAVERLY, KENNY VS. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON**, *Defendant*

TO: **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON**
**175 BERKELEY ST**
**BOSTON, MA 02117**

RECEIVED
APR 15 2022
SECRETARY OF STATE
COMMONWEALTH OF KY

The Commonwealth of Kentucky to Defendant:
**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Davis L. Nicholson
Jefferson Circuit Clerk
Date: **4/8/2022**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ______________, 20____

______________________________
Served By

______________________________
Title

Summons ID: 448943730097705@00000998818
CIRCUIT: 22-CI-001192 Long Arm Statute – SOS - Restricted Delivery
HAVERLY, KENNY VS. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON



eFiled

Package:000002 of 000007
Presiding Judge: HON. GARY SHAW (630277)
Package : 000002 of 000007

Filed 22-CI-001192 03/08/2022 David L. Nicholson, Jefferson Circuit Clerk
A true copy attest 22-CI-001192 04/08/2022 /s David L. Nicholson, Jefferson Circuit Clerk

CIVIL ACTION NO. ____________ JEFFERSON CIRCUIT COURT
DIVISION ________
JUDGE ______________________

ELECTRONICALLY FILED

KENNY HAVERLY, JR. PLAINTIFF

VS. **COMPLAINT**

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON DEFENDANT
9 Riverside Road
Weston, MA 02493

SERVE: Office of the Secretary of State
Summons Branch
700 Capitol Avenue, Ste. 86
Frankfort, KY 40601

*** *** ***

Comes the Plaintiff, Kenny Haverly, Jr., through counsel, for his cause of action against Defendant states as follows:

1. Plaintiff is a resident of Bardstown, Nelson County, Kentucky.

2. Defendant, Liberty Life Assurance Company of Boston (hereinafter "Defendant" or "Liberty"), is a corporation doing business in Jefferson County, Commonwealth of Kentucky.

3. This is an action brought by a participant to recover long term disability benefits ("LTD" respectively) due to him under the terms of an insurance plan governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance and wage replacement benefits.

4. This Court has jurisdiction pursuant to §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e).

## FACTS



Filed 22-CI-001192 03/08/2022 David L. Nicholson, Jefferson Circuit Clerk
A true copy attest 22-CI-001192 04/08/2022 /s David L. Nicholson, Jefferson Circuit Clerk

Package : 000003 of 000007
Presiding Judge: HON. MARY SHAW (630277)
COM : 000003 of 000008

Filed 22-CI-001192 03/08/2022 David L. Nicholson, Jefferson Circuit Clerk
A true copy attest 22-CI-001192 04/08/2022 s/David L. Nicholson, Jefferson Circuit Clerk

5. Plaintiff was a full-time employee of Papa John's International, Inc. ("employer") for a sufficient time so as to be eligible for wage replacement coverage under the terms of an insurance contract identified as policy number GF3-880-036548-01 and claim number 7956041.

6. As a full time employee, Plaintiff was eligible for, and was participating in the short and long term disability plan ("Plan") offered by employer.

7. At all times relevant to this Complaint, the Plan was administered by Liberty and at all relevant times Liberty remained the so called "plan administrator".

8. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled by both physical and mental diseases.

9. Plaintiff applied for LTD and was approved with a date of disability of November 15, 2017. Subsequently, and for reasons that are medically mysterious, Liberty reversed its decision and denied benefits beyond November 27, 2018. Plaintiff appealed Liberty's decision, but Liberty denied Plaintiff appeal and such denial exhausts all administrative remedies under the plan.

10. Liberty's in house medical review performed by the Defendant's "physician reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians.

11. Liberty's in-house reviewing staff erroneously concluded that that Plaintiff was capable of returning to work and to work full time, as he did before the onset of his disability. Liberty refused to consider all of the Plaintiff's medical ailments and combined effect on him to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.



Package: 000004 of 000007
Presiding Judge: HON. MARY SHAW (630277)
Package : 000008 of 000008

Filed 22-CI-001192 03/08/2022 David L. Nicholson, Jefferson Circuit Clerk
A true copy attest 22-CI-001192 04/08/2022 s/David L. Nicholson, Jefferson Circuit Clerk

Filed 22-CI-001192 03/08/2022 David L. Nicholson, Jefferson Circuit Clerk
A true copy attest 22-CI-001192 04/08/2022 s/David L. Nicholson, Jefferson Circuit Clerk

12. Liberty's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

13. Liberty is legally unable to deny Plaintiff's benefits based on even its own medical and vocational findings.

14. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

15. Defendant Liberty's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty date, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant terms of the Plan.

16. At all relevant times Liberty was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits. Accordingly, the Plaintiff is entitled to discovery over and above that which is customarily permitted in cases litigated under the ERISA statute.

17. In accordance with the terms of the Plan, the Plaintiff did apply for Social Security Disability benefits ("SSDI").

18. Due to Defendant's actions Plaintiff is entitled to discovery exceeding standard ERISA protocol.

COUNT I
DENIAL IS IN VIOLATION OF THE ERISA STATUTE

19. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.



Presiding Judge: HON. MARY SHAW (630277)
Package : 000005 of 000005

Filed 22-CI-001192 03/08/2022 David L. Nicholson, Jefferson Circuit Clerk
A true copy attest 22-CI-001192 04/08/2022 s/David L. Nicholson, Jefferson Circuit Clerk

Filed 22-CI-001192 03/08/2022 David L. Nicholson, Jefferson Circuit Clerk
A true copy attest 22-CI-001192 04/08/2022 /s David L. Nicholson, Jefferson Circuit Clerk

20. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the provisions of the Plan under the dictates of the ERISA statute.

21. Defendant's decision to deny Plaintiff's benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE, the Plaintiff prays for the following relief from Defendant Liberty Life Assurance Company of Boston:

1. For payment of disability benefits due to him, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;

2. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;

3. For attorney's fees and expenses that Plaintiff has incurred for enforcing his contractual rights as well as his ERISA rights;

4. For any and all equitable relief Plaintiff is entitled under common law contract theory, tort, or under ERISA, including Defendant's assistance in remedying any damage its termination of benefits has caused respecting Plaintiff's credit history;

5. For any and all other relief to which Plaintiff may be entitled under any legal claim, whether is be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

/s/ Larry D. Ashlock
Larry D. Ashlock, Esq.
ASHLOCK LAW GROUP, PLLC
236 W. Dixie Ave.



Package : 000006 of 000007
Presiding Judge: HON. MARY SHAW (630277)
Package : 000006 of 000008

Filed 22-CI-001192 03/08/2022 David L. Nicholson, Jefferson Circuit Clerk
A true copy attest 22-CI-001192 04/08/2022 /s David L. Nicholson, Jefferson Circuit Clerk

Filed 22-CI-001192 03/08/2022 David L. Nicholson, Jefferson Circuit Clerk
A true copy attest 22-CI-001192 04/08/2022 /s/David L. Nicholson, Jefferson Circuit Clerk

Elizabethtown, KY 42701
larry@ashlocklawgroup.com
(270) 360-0470

Package:000007 of 000007

Presiding Judge: HON. MARY SHAW (630277)

Package : 000005 of 000005



Filed 22-CI-001192 03/08/2022 David L. Nicholson, Jefferson Circuit Clerk
A true copy attest 22-CI-001192 04/08/2022 /s/David L. Nicholson, Jefferson Circuit Clerk