**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE**

| | | |
|---|---|---|
| **KENNY HAVERLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO. 3:22cv00243-DJH-CHL** |
| **v.** | ) | |
| | ) | |
| **LIBERTY LIFE ASSURANCE** | ) | |
| **COMPANY OF BOSTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company f/k/a Lincoln Life Assurance Company of Boston f/k/a Liberty Life Assurance Company of Boston[1] ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, Kenny Haverly, and states as follows:

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this and all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that it is licensed to engage in the business of insurance in the State of Kentucky. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

---

1 The correct name of the Defendant in this action is The Lincoln National Life Insurance Company. The name of the entity "Liberty Life Assurance Company of Boston" was changed to "Lincoln Life Assurance Company of Boston" after it was acquired by Lincoln National Corporation. The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston) was the issuer of the relevant life insurance policy. However, Lincoln Life Assurance Company of Boston has now merged with The Lincoln National Life Insurance Company. Accordingly, "The Lincoln National Life Insurance Company" is the correct Defendant in this action.

3. Lincoln admits that by this action, Plaintiff is seeking recovery of long-term disability benefits from an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that the United States District Court for the Western District of Kentucky has jurisdiction over this action and that Plaintiff's claims are governed by ERISA. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits Plaintiff was, at certain times, employed by Papa John's International, Inc. ("Papa John's"). Lincoln admits that it issued Group Disability Income Policy Number GF3-880-036548-01 (the "Policy") to Papa John's which, at certain times, insured benefits from the Papa John's International, Inc. Long-Term Disability Plan (the "LTD Plan") sponsored by Papa John's to provide certain benefits to participating, eligible employees of Papa John's. Lincoln admits that Plaintiff submitted a claim for benefits from LTD Plan under the Policy and that 7956041 is the claim number for the claim for benefits the subject of this action. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits Plaintiff was, at certain times, employed by Papa John's and was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln specifically denies it was the Plan Administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln admits it sent a letter dated November 30, 2018, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that Plaintiff submitted an appeal of the denial of further benefits from the LTD Plan under the Policy. Lincoln admits it sent a letter dated March 8, 2019, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits it sent a letter dated March 8, 2019, to Plaintiff, but Lincoln refers to the letter itself as the best

evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits it sent letters to Plaintiff dated November 30, 2018, and March 8, 2019, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. To the extent that the allegations contained in Paragraph 11 contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln further admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits, and Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln further admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such

decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits, and Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln denies the allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits, and Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that it issued the Policy to Papa John's, which, at certain times, insured benefits from the LTD Plan. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln is without sufficient knowledge concerning Plaintiff's application for Social Security Disability Benefits to either admit or deny allegations

concerning that matter, and accordingly, Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln denies the allegations contained in Paragraph 18 of the Complaint.

**COUNT I**

19. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan governed under ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln denies the allegations contained in Paragraph 21 of the Complaint.

Lincoln denies Plaintiff is entitled to the relief sought in the WHEREFORE Paragraph of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was arbitrary and capricious because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which require offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred because this action was not commenced within the Policy and/or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

**PRAYER**

Lincoln prays that this Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 10th day of May 2022.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Kentucky, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Larry D. Ashlock, Esq.
Email: larry@ashlocklawgroup.com

May 10, 2022 — Date

/s/ Iwana Rademaekers
Iwana Rademaekers