UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KENNY HAVERLY, JR., Plaintiff,

v. Civil Action No. 3:22-cv-243-DJH

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, Defendant.

* * * * *

**ORDER FOR MEETING AND REPORT**

Pursuant to the Federal Rules of Civil Procedure, it is hereby **ORDERED** as follows:

(1) Magistrate Judge Lindsay will conduct a telephonic **Rule 16 scheduling conference on June 28, 2022, at 10:30 a.m. Counsel for the parties shall connect to the telephonic status conference by dialing the toll-free number 1-888-808-6929, access code 2773744.** Counsel who will try the case shall participate in the conference. Exceptions to this requirement shall be with the understanding that counsel who participate on behalf of any party (a) shall be fully prepared to discuss all aspects of the case with respect to the matters to be scheduled; (b) shall be empowered to bind all counsel for that party with respect to dates agreed upon or ordered; and (c) shall have authority to enter into stipulations and to make admissions regarding all matters that the participants may reasonably anticipate may be discussed at the conference.

Any request for a change of the conference date shall be made to Magistrate Judge Lindsay's Case Manager, Theresa Burch, at theresa_burch@kywd.uscourts.gov no later than three (3) days prior to the conference.

(2) The agenda for the conference shall include items set forth in Rule 16(c), including but not limited to the following:

(a) formulation and simplification of the issues;

(b) admissions and stipulations of fact;

(c) consideration of the proposed discovery plan and review of the initial disclosures;

(d) the possibility of settlement or the use of alternative methods of dispute resolution, including mediation; and

(e) any need to adopt special procedures for managing potentially difficult or complex issues.

(3) No later than **twenty-one (21) days before the Rule 16 conference**, counsel for the parties shall conduct the conference of parties required by Rule 26(f). Topics to be addressed at the conference shall include possibilities for promptly settling or resolving the case, any issues related to the preservation of discoverable information, and the development of a discovery plan.

(4) The parties shall discuss the following issues specific to ERISA cases and formulate their litigation plan accordingly:

(a) Did the plaintiff exhaust all available administrative procedures prior to filing this action?

(b) Is this an action for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B)?

(c) Are there also state law claims, and if so, are they preempted? *See* 29 U.S.C. § 1144.

(d) What standard must the Court apply in reviewing the Plan Administrator's denial of benefits? Do the Plan documents reserve to the Plan Administrator discretionary authority to determine eligibility for benefits and to construe the terms of the Plan? *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

(e) Regardless of the standard of review, is the Court limited to the evidence before the Plan Administrator at the time of the claims determination? *See Miller v. Metro. Life Ins. Co.*, 925 F.2d 979 (6th Cir. 1991).

(f) Is the plaintiff entitled to a jury trial? *See Bair v. Gen. Motors Corp.*, 895 F.2d 1094 (6th Cir. 1990). If not, can this case be submitted on briefs?

(g) What remedies are available to the plaintiff under ERISA?

(5) At the time of the Rule 26(f) conference of parties or within **fourteen (14) days** thereafter, counsel for the parties shall exchange the disclosures required by Rule 26(a)(1). Counsel shall make supplemental disclosures as required by Rule 26(e).

(6) Within **fourteen (14) days** after the Rule 26(f) conference of parties, counsel for the parties shall file a written joint report outlining the proposed discovery plan and informing the Court whether prompt settlement of the case is possible. If there is disagreement between the parties on the ERISA issues listed above, the parties shall formulate a plan for resolving these issues prior to commencing discovery (if discovery is appropriate). The report shall substantially conform to Federal Rules of Civil Procedure Appendix Form 52 and shall advise the Court as to the following:

(a) the parties' views and proposals required by Rule 26(f);

(b) the length of time counsel reasonably believe will be necessary to join other parties and to amend the pleadings;

(c) the length of time counsel reasonably believe will be necessary to file motions;

(d) any issues upon which preliminary discovery will be needed and the length of time counsel reasonably believe will be necessary to conduct such discovery;

(e) the length of time counsel reasonably believe will be necessary to complete all pretrial discovery, including expert witness discovery;

(f) the length of time counsel reasonably believe will be necessary for the parties to make the expert disclosures required by Rule 26(a)(2);

(g) any special instructions concerning interrogatories, requests for admission, or depositions;

(h) the probable length of trial and whether there will be issues to submit to a jury; and

(i) the dates that are mutually convenient for counsel to assign this case for trial.

Dated: May 16, 2022

ENTERED BY ORDER OF COURT
COLIN H. LINDSAY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

By: */s/ Natalie W. Thompson*
Natalie W. Thompson, Deputy Clerk