**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE**

| | | |
|---|---|---|
| **KENNY HAVERLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO. 3:22cv00243-DJH-CHL** |
| **v.** | ) | |
| | ) | |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>REPORT OF PARTIES' RULE 26(f) PLANNING MEETING</u>**

Pursuant to the Court's May 16, 2022, Order for Meeting and Report, Plaintiff Kenny Haverly ("Plaintiff") and Defendant Lincoln Life Assurance Company of Boston ("Lincoln" or "Defendant") submit their Joint Report.

The above-styled action is a claim by Plaintiff for recovery of disability benefits. Plaintiff and Defendant agree Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001, et seq. ("ERISA"). As such, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing schedule. Accordingly, the parties request a scheduling order containing the deadlines suggested in Paragraph (f) below in lieu of the deadlines requested in a standard schedule.

(a) A meeting was held on June 7, 2022, and was attended by Larry Ashlock (on behalf of Plaintiff) and Iwana Rademaekers (on behalf of Defendant) and the Parties discussed the nature and basis of their claims and defenses, the possibility for a prompt settlement or resolution of this case, and a proposed discovery plan.

(b) Plaintiff brought this action to recover long-term disability ("LTD") benefits under the Papa John's International, Inc. Long Term Disability Plan ("Plan"), an employee welfare benefit plan sponsored and maintained by Papa John's International, Inc. ("Papa John's"), and governed by ERISA, 29 U.S.C. § 1001, et seq. Plaintiff also seeks attorney's fees and costs under 29 U.S.C. § 1132(g). Lincoln denies Plaintiff's claims, denies that Plaintiff is entitled to any of the relief requested, and requests an award of the costs and attorneys' fees incurred in defending this action.

(c) Any otherwise discoverable electronically stored information generated as part of the claim process has been produced as part of the claim file, and disclosure or discovery of any other information in the nature of ESI can be handled in accordance with the Federal Rules of Civil Procedure.

(d) Defendant has already produced to Plaintiff a copy of the ERISA administrative record with its Initial Disclosures. The parties agree that this production will satisfy the requirement for Initial Disclosures for both parties pursuant to FRCP 26(a)(1)(B).

(e) As this is an ERISA benefits case, Defendant believes no discovery beyond the Administrative Record is appropriate. Plaintiff reserves the right to seek conflict of interest discovery. The parties anticipate that discovery can be reasonably completed on or before October 5, 2022.

(f) As stated above, this is an ERISA benefits case and the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing schedule. To facilitate the submission of the case to the Court, the parties propose the following deadlines in lieu of the deadlines requested in a standard schedule:

1. October 5, 2022 - Deadline to Complete Discovery.

2. October 19, 2022 - Deadline to file Stipulated Administrative Record.

3. November 16, 2022 - Deadline to file cross motions for summary judgment.

4. December 14, 2022 - Deadline to file response briefs.

5. December 28, 2022 - Deadline to file reply briefs.

(g) As this is an ERISA benefits case, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing schedule. Accordingly, the parties propose the deadlines in paragraph (f) above in lieu of the deadlines requested in a standard schedule.

(h) See (g) above.

(i) The parties believe that non-binding mediation is an appropriate alternative dispute resolution method for resolving this matter if their discussions are not successful. The parties propose a mediation deadline of September 21, 2022.

(j) In the unlikely event that the parties do not resolve the case through settlement or cross motions for summary judgment, and as jury trials are not available under ERISA, the parties will request a bench trial and anticipate that it will take 8-12 hours to present the evidence in this case.

(k) The Parties will not consent to the referral of this case to a Magistrate Judge.

(l) In the unlikely event that the parties do not resolve the case through settlement or cross motions for summary judgment, the earliest date by which this case should reasonably be ready for trial after due consideration of such motions is June 28, 2023. However, the parties propose the deadlines in paragraph (f) above in lieu of the deadlines requested in a standard schedule.

Respectfully submitted this 8th day of June 2022.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**AND**

By: /s/ Larry D. Ashlock
Larry D. Ashlock, Esq.
Ashlock Law Group, PLLC
236 W. Dixie Avenue
Elizabethtown, KY 42701
PH: (270) 360-0470
Email: larry@ashlocklawgroup.com

COUNSEL FOR PLAINTIFF